DATE FILED: December 14, 2021 11:16 AM
FILING ID: 427DD30D2C9D9
CASE NUMBER: 2021CV33946

| | | |
|---|---|---|
| DITRICT COURT, CITY AND COUNTY OF DENVER, COLORADO<br>1437 Bannock Street<br>Denver, Colorado 80202 | | |
| Plaintiff: CHERI SCHEFFEL | ▲ COURT USE ONLY ▲ | |
| Defendants: AMERICAN ALTERNATIVE INSURANCE CORPORATION, a Delaware corporation; and PROGRESSIVE DIRECT INSURANCE COMPANY, an Ohio corporation | Case No.:<br><br>Div.: | Ctrm: |
| Plaintiff's Attorney:<br>Name: Clifford L. Beem, #917<br>  Mark Isley, #26107<br>  Danielle Beem #45189<br>Address: 730 Seventeenth Street, Suite 850<br>  Denver, Colorado  80202<br>Phone No.: 303.894.8100<br>Fax No.: 303.894.8200<br>E-Mail: clbeem@beemlaw.net<br>  amisley@beemlaw.net<br>  dcbeem@beemlaw.net | | |
| **COMPLAINT** | | |

Plaintiff, Cheri Scheffel, by and through her attorneys of record, BEEM & ISLEY, P.C., respectfully submits this Complaint against the Defendants and alleges and avers as follows:

**PARTIES, JURISDICTION AND VENUE**

1. Plaintiff, Cheri Scheffel, is and was at all times relevant to this Complaint a citizen of the State of Colorado.

2. Defendant, American Alternative Insurance Corporation ("Defendant AAIC"), is and was at all times relevant to this Complaint an insurance company incorporated under the laws of the State of Delaware, with its principal place of business located at 555 College Road East, Princeton, New Jersey 08543-5241.

3. Defendant, Progressive Direct Insurance Company ("Defendant Progressive"), is and was at all times relevant to this Complaint an insurance company incorporated under the laws

EXHIBIT

A-1

exhibitsticker.com

of the State of Ohio, with its principal place of business located at 6300 Wilson Mills Road, Mayfield Village, Ohio 44143.

4.    Venue is proper pursuant to C.R.C.P. 98(c)(1) as the place of trial designated in this Complaint.

## GENERAL ALLEGATIONS

5.    On or about May 6, 2016, in Parker, Colorado, Plaintiff was driving westbound on East Lincoln Avenue and approaching Third Street when traffic in front of her slowed and stopped. Plaintiff also slowed and stopped her automobile along with the traffic.

6.    Another motorist, Cody Hicks, was driving a U-Haul pick-up truck directly behind the Plaintiff.  However, when Plaintiff stopped for the traffic in front of her, the Mr. Hicks failed to stop and crashed into the rear end of Plaintiff's automobile.

7.    The force of the collision was so strong that it severely damaged both of the automobiles involved and injured the Plaintiff.

8.    Plaintiff lost consciousness as a result of the collision and had to be evaluated for injuries, including but not limited to headaches, neck pain, back pain, and post-concussion syndrome.

9.    Officers from the Douglas County Sheriff's Department responded to and investigated the scene of the collision and cited Mr. Hicks with careless driving.

10.    As a direct and proximate result of the collision caused by Cody Hicks' negligence, Plaintiff suffered injuries, damages, and losses, including without limitation, post-concussion syndrome, cognitive impairment, memory issues, neck pain, back pain, permanent physical injury, permanent physical impairment, aggravation of a pre-existing condition, emotional distress, medical expenses, loss of income in the past and in the future, loss of enjoyment of life, and great mental and physical pain and suffering.

## FIRST CLAIM FOR RELIEF
**(Breach of Contract for Failure to Pay UIM Benefits Against Both Defendants)**

11.    Plaintiff incorporates by reference herein the allegations contained in the previous paragraphs of this Complaint as though fully set forth herein.

12.    Mr. Hicks had an automobile insurance policy with liability limits of $25,000 per person at the time of the collision.

13.    Plaintiff was also covered by two automobile insurance policies at the time of the collision that included uninsured/underinsured motorist ("UIM") benefits.  The policy with

Defendant AAIC provided UIM coverage for Plaintiff for up to $1,000,000. The policy with Defendant Progressive provided UIM coverage for Plaintiff up to $25,000.

14. Plaintiff reported the subject collision to Defendant AAIC and Defendant Progressive, thus putting them both on notice of the basis for the UIM claims.

15. Plaintiff's collision-related medical bills alone exceeded the limits of Mr. Hicks' liability policy; thus, his policy limits were insufficient to compensate Plaintiff for the full extent of the injuries and damages she sustained in the subject motor vehicle collision.

16. Pursuant to the automobile insurance policies that covered Plaintiff, both Defendants AAIC and Progressive authorized Plaintiff to settle her claim against Mr. Hicks for the full amount of his automobile insurance policy limits.

17. Plaintiff received funds in the amount of Mr. Hicks' automobile insurance policy limits on or about January 2, 2020.

18. At all times relevant, premium payments were made by or on behalf of Plaintiff to the Defendants for the UIM coverage under the Defendants' respective insurance policies.

19. Pursuant to the UIM insurance policies issued by the Defendants, Plaintiff is entitled to receive UIM benefits available under the policies as compensation for injuries caused by an underinsured motorist, such as Mr. Hicks.

20. To date, neither of the Defendants have paid or offered to pay any benefits available under their respective UIM policies as compensation to Plaintiff for the value of her injuries that exceeds the amount paid on behalf of Mr. Hicks.

21. As a direct and proximate result of the Defendants' failure to pay any benefits available under their respective UIM policies, Plaintiff has sustained damages and losses, including without limitation, unpaid UIM benefits that were contracted and paid for by or on behalf of the Plaintiff, plus attorneys' fees, costs, and expenses associated with being forced to bring this legal action to recover such benefits.

### SECOND CLAIM FOR RELIEF
### (Bad Faith Insurance Practices Against Defendant AAIC)

22. Plaintiff incorporates by reference herein the allegations contained in the previous paragraphs of this Complaint as though fully set forth herein.

23. Upon information and belief, the UIM coverage available under the policy with Defendant AAIC is primary because it was the policy covering the automobile that Plaintiff was operating.

24. Defendant AAIC had a duty to timely and promptly consider, investigate, and evaluate Plaintiff's claims, and to pay or offer to pay available UIM benefits as reasonable compensation for Plaintiff's injuries in excess of the benefits received under Mr. Hicks' liability policy.

25. Plaintiff not only provided Defendant AAIC with a summary of her injuries and associated expenses, but she also provided Defendant AAIC with signed medical releases so that it could obtain her relevant medical records and history directly as part of its duty to promptly investigate Plaintiff's claim.

26. Plaintiff provided the signed releases to Defendant AAIC on or about November 20, 2019, at Defendant AAIC's request.

27. Rather than using the information provided by Plaintiff to investigate her claim so that it could properly value her claim and damages and thereby promptly pay or offer to pay available UIM benefits, Defendant AAIC chose to wait to see if Plaintiff submitted a demand or otherwise filed a lawsuit for such benefits.

28. Accordingly, Defendant AAIC has at all times failed to properly consider, investigate, evaluate, pay or offer to pay any UIM benefits to Plaintiff despite the seriousness and extent of Plaintiff's injuries.

29. Such failures by Defendant AAIC, particularly to the extent that its UIM coverage for Plaintiff is primary, constitutes a bad faith breach of the insurance contract that covered Plaintiff.

30. As a direct and proximate result of the bad faith insurance practices of Defendant AAIC, Plaintiff has sustained damages and losses, including without limitation, unpaid UIM benefits that were contracted and paid for by or on behalf of the Plaintiff, plus attorneys' fees, costs, and expenses associated with being forced to bring this legal action to recover such benefits.

### THIRD CLAIM FOR RELIEF
**(Unfair Claim Settlement Practices, C.R.S. §10-3-1104(1)(h), §10-3-1115 & §10-3-1116, Against Defendant AAIC)**

31. Plaintiff incorporates by reference herein the allegations contained in the previous paragraphs of this Complaint as though fully set forth herein.

32. Under Colorado law, unfair claim settlement practices include (1) failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies, C.R.S. §10-3-1104(1)(h)(II); (2) refusing to pay claims without conducting a reasonable investigation based upon all available information, §10-3-1104(1)(h)(IV); (3) failing to affirm or deny coverage of claims within a reasonable time after proof of loss statements have been completed, §10-3-1104(1)(h)(V); (4) not attempting in good faith to

effectuate prompt, fair, and equitable settlements of claims in which liability has become reasonably clear, §10-3-1104(1)(h)(VI); and/or (5) compelling insureds into litigation to recover amounts due under the insurance policy by offering substantially less than amounts ultimately recovered by the insureds, §10-3-1104(1)(h)(VII).

33. As previously alleged, Defendant AAIC failed to timely, promptly, or properly investigate Plaintiff's claim for UIM benefits despite being provided with signed releases.

34. Because of its failure to properly investigate Plaintiff's claim, Defendant AAIC has failed to issue any response to Plaintiff's UIM claim and demand, and thus has failed to acknowledge or act reasonably promptly upon communications from Plaintiff concerning her UIM claims under that policy; and/or failed to affirm or deny coverage of the UIM claim within a reasonable time after Plaintiff provided proof of loss statements.

35. Defendant AAIC has failed to even make a good faith attempt to effectuate prompt, fair, and equitable settlement of the Plaintiff's UIM claim where liability for the claim is reasonably clear, particularly in light of the nature and extent of Plaintiff's injuries and damages and the minimum liability limits available under Mr. Hicks' policy.

36. Furthermore, Defendant AAIC has a statutory duty not to unreasonably delay or deny the payment of a claim for UIM benefits covering the Plaintiff, who was using the insured motor vehicle at the time of the subject collision. *See* C.R.S. §10-3-1115(1)(a).

37. Defendant AAIC's lack of any response to Plaintiff's UIM claim, including a failure to affirm and/or offer any UIM benefits or otherwise deny the claim with a reasonable explanation of the basis for such denial, constitutes an unreasonable delay in the investigation and/or payment of UIM benefits.

38. Defendant AAIC's conduct and failures have left Plaintiff no other option but to file this legal action to obtain available UIM benefits, thus compelling Plaintiff into litigation to recover amounts due under the insurance policy.

39. As a result of the unfair claim settlement practices by Defendant AAIC, Plaintiff has sustained damages and losses, including without limitation, unpaid UIM benefits that were contracted and paid for by or on behalf of Plaintiff, plus attorneys' fees, costs, and expenses associated with being forced to bring this legal action to recover such benefits.

40. Pursuant to Colorado statute, Plaintiff is entitled to recover her reasonable attorneys' fees, court costs, and twice the amount of the covered UIM benefit. *See* C.R.S. §10-3-1116(1).

WHEREFORE, Plaintiff, Cheri Scheffel, respectfully requests that this Court enter judgment in her favor and against the Defendants as follows:

      a.    As to both Defendants, judgment for UIM benefits in an amount that will fully and fairly compensate Plaintiff for her injuries, damages, and losses, plus interest, costs, and attorneys' fees, and for such other and further relief as the Court deems proper and just; and

      b.    As to Defendant AAIC, judgment for attorneys' fees, costs, and twice the amount of the covered UIM benefit pursuant to Colorado law and statutes.

PLAINTIFF DEMANDS TRIAL TO A JURY ON ALL CLAIMS SO TRIABLE

DATED this 14th day of December, 2021.

                    BEEM & ISLEY, P.C.

By *[signature: Danielle Beem]*
    Clifford L. Beem
    A. Mark Isley
    Danielle C. Beem

*This pleading was filed electronically pursuant to Rule 121 § 1-26*
*Original signed pleading is on file in counsel's office*

<u>Plaintiff's Address</u>:
9791 Summit Ridge Place
Parker, Colorado  80138